■ CITY OF POUGHKEEPSIE, Appellant, v MICHAEL C. BLACK, Respondent.—Appeal by the City of Poughkeepsie from an order of the Supreme Court, Dutchess County (Jiudice, J.), entered December 9, 1985, which granted the respondent's motion to vacate a default judgment entered April 3, 1985, against him for allegedly defaulting upon a stipulation of settlement.

Ordered that the order is affirmed, with costs.

The stipulation entered into by the parties on October 13,

1983, was in relevant part an agreement whereby the defendant promised that by March 15, 1985, he would make a "good faith" effort and "substantial progress" toward correcting all violations of the Code of Ordinances of City of Poughkeepsie at the premises located at 18-24 Holmes Street, 10-16 Holmes Street, and 60 Montgomery Street, all of which were owned by the respondent. No action had been commenced with regard to the violations at any of these premises. Consequently, insofar as the stipulation was an agreement with regard to the correction of violations at these premises, it was effectively a contract (see, Yonkers Fur Dressing Co. v Royal Ins. Co., 247 NY 435, 444-445; Matter of Steven R. J. v Nancy J., 117 Misc 2d 725, 726), and could only be enforced by a plenary action, not by entry of a default judgment pursuant to CPLR 3215 (h) (see, Asphalt Pavers v Consentino, 53 Misc 2d 613, 614; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3215.37). Accordingly, the Supreme Court, Dutchess County, properly vacated the default judgment entered by the City of Poughkeepsie.

We have reviewed the city's other contentions, and find them to be without merit. Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.