WILLIAM HUGHES et al., Appellants, v NUSSBAUMER, CLARKE & VELZY et al., Defendants, and NUSSBAUMER & CLARKE, INC., Respondent. (And A Third-Party Action.) (Appeal No. 1.)

Memorandum: A judgment was entered after the entry of the order from which this appeal was taken. Where a prior order is subsumed within a judgment, the appeal is from the judgment, not the prior order *(Chase Manhattan Bank v Roberts & Roberts,* 63 AD2d 566). Nevertheless, absent prejudice to the respondent, this court has the discretionary power to treat the notice of appeal as one taken from the judgment, and we conclude that our discretion should be exercised in this case (CPLR 5520 [c]; *Frankel v Manufacturers Hanover Trust Co.,* 106 AD2d 542; *Chase Manhattan Bank v Roberts & Roberts, supra).*

We further conclude that the judgment dismissing this action must be reversed. Hughes, Szymborski and Perna were injured on January 15, 1975 in an explosion at the old control

building of the Buffalo Sewer Authority's Bird Island Sewage Treatment Plant. Perna died a few days later as a result of injuries suffered in the blast. An action was then commenced by or on behalf of the three Authority employees against Nussbaumer & Clarke, Inc., an engineering firm that performed certain design, consulting and supervisory work in 1952 in connection with the expansion of the sewage treatment facility. Plaintiffs claimed that defendant was negligent in the design or redesign of the old control building.

We find that Special Term erred by granting defendant's motion to dismiss. Although defendant demonstrated that the written contracts did not require it to perform services in connection with the old control building, the affidavit of plaintiffs' expert and the 1952 report prepared by defendant and annexed to that affidavit were adequate to raise issues of fact whether the scope of the project changed to include work on the old control building and whether defendant in fact performed design services relating to that building. Since a design engineer may be held liable to those endangered by the engineer's negligence irrespective of privity (*Clemens v Benzinger,* 211 App Div 586, 590-591; *see also, Cubito v Kreisberg,* 69 AD2d 738, *affd* 51 NY2d 900), we reverse and deny defendant's motion for summary judgment. (Appeal from judgment of Supreme Court, Erie County, Ostrowski, J.—summary judgment.) Present—Dillon, P. J., Green, Pine, Balio and Davis, JJ.