powder, which he believed to be cocaine. Defendant was arrested. Subsequent analysis revealed that the substance in the bags was cocaine with an aggregate weight in excess of one eighth of an ounce.

We reject defendant's argument that the court erred by failing to hold a hearing on the sufficiency of the application for the search warrant. In neither his affidavit in support of his written motion nor in his oral motion to suppress the cocaine, made on the eve of trial, did defense counsel articulate any facts to support a challenge to the warrant and demonstrate defendant's entitlement to a hearing on that issue (see, CPL 710.60 [1]). Moreover, even if the warrant was invalid and the presence of the police on the scene illegal, defendant's actions in climbing the stairs behind an officer and dropping contraband in full view of another officer were voluntary, independent, and unrelated to any illegal police conduct (see, People v Boodle, 47 NY2d 398, 402-404, cert denied 444 US 969; see also, People v Arnau, 58 NY2d 27, 32-38, cert denied 468 US 1217).

We have examined the remaining issues raised by defendant and find them to be lacking in merit. (Appeal from judgment of Erie County Court, D'Amico, J.—criminal possession controlled substance, fourth degree.) Present—Callahan, J. P., Denman, Green, Pine and Lawton, JJ.

■ ROBERT E. BAILEY, Respondent, v CAROL G. BAILEY, Appellant.—Judgment insofar as appealed from unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: The court did not abuse its discretion in awarding maintenance for one year (see, Petrie v Petrie, 124 AD2d 449, 451, lv dismissed 69 NY2d 1038; Eli v Eli, 123 AD2d 819, 820) and in denying defendant counsel and expert witness fees (see, Basile v Basile, 122 AD2d 759, 760; Bidwell v Bidwell, 122 AD2d 364, 367). The maintenance award for one year, however, should be made retroactive to March 8, 1988, when defendant applied for temporary maintenance (see, Domestic Relations Law § 236 [B] [6] [a]; Rodgers v Rodgers, 98 AD2d 386, 390, n 1, appeal dismissed 62 NY2d 646). (Appeal from judgment of Supreme Court, Monroe County, Scudder, J.—divorce.) Present—Dillon, P. J., Callahan, Denman, Green and Lawton, JJ.

■ BYDATEL CORPORATION, Appellant, v RICHARD J. CLARKE et al., Respondents. (Appeal No. 1.)—Appeal unanimously dismissed without costs (see, Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988). (Appeal from order of Supreme Court,

Erie County, Forma, J.—arbitration.) Present—Dillon, P. J., Callahan, Denman, Green and Lawton, JJ.

■ BYDATEL CORPORATION, Appellant, v RICHARD J. CLARKE et al., Respondents. (Appeal No. 2.)—Judgment unanimously affirmed with costs. Memorandum: Generally, it is the responsibility of the courts to interpret written instruments *(see, Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285). We conclude that Special Term, in interpreting the parties' document, correctly found that it constituted a valid contract between Bydatel and Nipacan. Further, the failure of Nipacan's agent, Richard Clarke, to use the standard representative signature form to bind a principal does not alter this result because the instrument clearly establishes the parties' intent that Clarke was signing on behalf of Nipacan *(see,* 2 NY Jur 2d, Agency, §§ 181, 182). Since respondent Clarke did not cross-appeal from Special Term's order staying his demand for arbitration, this issue has not been preserved for appellate review. (Appeal from judgment of Supreme Court, Erie County, Forma, J.—arbitration.) Present —Dillon, P. J., Callahan, Denman, Green and Lawton, JJ.

■ JOSEPH J. ROGERS, Respondent, v DOUGLAS P. MOSS-BROOK, Doing Business as MOSSBROOK CONSTRUCTION, Appellant.—Order unanimously affirmed without costs *(see, Kinney v Kuhn,* 122 AD2d 569). (Appeal from order of Supreme Court, Ontario County, Curran, J.—summary judgment.) Present—Dillon, P. J., Callahan, Denman, Green and Lawton, JJ.

■ DOROTHY MATTESON et al., Plaintiffs, v MAINE GUIDES BASEBALL CLUB, INC., Defendant; JAMES C. SNYDER, Appellant, and CLEVELAND INDIANS Co., Respondent. DEBORAH A. SCHIRTZ, Plaintiff, v MAINE GUIDES BASEBALL CLUB, INC., Defendant; JAMES C. SNYDER, Appellant, and CLEVELAND INDIANS Co., Respondent.—Order unanimously affirmed without costs for reasons stated in the decision at Supreme Court, Wesley, J. (Appeal from order of Supreme Court, Monroe County, Wesley, J.—summary judgment.) Present—Dillon, P. J., Callahan, Denman, Green and Lawton, JJ.

■ ANTHONY PAGANO, Individually and as Executor of MARGARET PAGANO, Deceased, Respondent, v GENESEE HOSPITAL, INC., Appellant.—Order unanimously affirmed with costs. Memorandum: Defendant appeals from an order which upheld a liability verdict in favor of plaintiff on plaintiff's claim that defendant was negligent and/or guilty of medical malpractice