██ INSURANCE COMPANY OF NORTH AMERICA, Appellant, v NEW YORK CASUALTY INSURANCE COMPANY, Respondent.—Order unanimously reversed on the law without costs, defendant's motion denied and plaintiff's motion granted. Memorandum: On March 13, 1982, a fire caused extensive damage to a Super Duper supermarket and two adjacent stores in Watertown, New York. The fire was set by a teen-ager, Scott Sargent. Sav-Mor Markets, Inc., the owner of the Super Duper supermarkets, was insured under a policy issued to it by plaintiff. Scott Sargent was insured under a homeowner's policy issued to his parents by defendant; that policy provided maximum coverage in the amount of $100,000.

Plaintiff paid its insured approximately $418,635 and became subrogated to the right of its insured to recover damages against Scott Sargent. The insurance carriers for two adjacent stores which sustained fire damage also made payments to their respective insureds and became subrogated to their insureds' rights against Scott Sargent.

Defendant, by letter dated January 18, 1984, offered to settle the subrogation claims of the three insurance companies and tendered the full policy amount of $100,000. The settlement was on a proportionate basis in relation to the extent of the respective loss sustained by the insurance companies' insureds; complete releases were to be given Scott Sargent. A pro rata apportionment among the three companies was agreed upon; settlement checks in the amounts agreed upon were sent to two of the insurers. Plaintiff sent its general release to defendant by letter dated February 24, 1986. Plaintiff's share of the policy was determined to be $71,464.09. Defendant rejected plaintiff's tender of a release and refused

to make payment to plaintiff. Plaintiff commenced this action to recover the money allegedly due from defendant pursuant to the settlement agreement. Defendant thereafter moved for summary judgment and for dismissal of the complaint for failure to state a cause of action. Supreme Court dismissed the complaint on the grounds that the action was barred because the three-year Statute of Limitations had run on the underlying negligence claim and that plaintiff's tender of the release two years after defendant's offer of settlement was untimely, as a matter of law, "either as an acceptance of an offer or as performance of an agreement". We reverse and grant summary judgment to plaintiff.

We conclude that, on this record, the parties entered into a settlement agreement *(see, Yonkers Fur Dressing Co. v Royal Ins. Co.,* 247 NY 435, 444-445; *Matter of Caruso v Ward,* 146 AD2d 22, 29; *City of Poughkeepsie v Black,* 130 AD2d 541, 542). Accordingly, this action is governed by the six-year Statute of Limitations applicable to contract actions *(see,* CPLR 213 [2]).

We do not address plaintiff's contention that the doctrine of equitable estoppel precludes defendant's assertion of a Statute of Limitations defense. That issue was not raised at Supreme Court and is not preserved for appellate review *(see, Tumolillo v Tumolillo,* 51 NY2d 790; *Arvantides v Arvantides,* 106 AD2d 853, *mod* 64 NY2d 1033). (Appeal from order of Supreme Court, Erie County, Fudeman, J.—summary judgment.) Present—Callahan, J. P., Green, Balio, Lawton and Davis, JJ.