■ BENJAMIN N. ROSS, Appellant, v RICHARD L. MARKHAM, Respondent.—Order unanimously reversed on the law without costs, motion granted, cross motion denied and complaint reinstated. Memorandum: Plaintiff sued defendant for the unauthorized sale of race horses, which plaintiff alleged that he owned. Supreme Court erred in granting defendant summary judgment. There is an issue of fact concerning ownership of the horses in question. Supreme Court also erred in denying plaintiff's motion to amend the complaint to allege that the Foal Papers indicate that plaintiff, or his wife as his nominee, owns the horses. Leave to amend shall be freely given (CPLR 3025 [b]; *Fahey v County of Ontario,* 44 NY2d 934) and defendant will not suffer surprise or prejudice by the amendment since defendant has possessed the Foal Papers since commencement of the action. There is no support in the record for plaintiff's request that this case be remanded to a different Trial Judge. (Appeal from Order of Supreme Court, Chautauqua County, Ricotta, J.—Summary Judgment.) Present—Doerr, J. P., Green, Pine, Lawton and Davis, JJ.

■ MARY TAYLOR, Respondent, v CHARLES HENDERSON, as Administrator of the Estate of LYNN HENDERSON, Deceased, Appellant. (Appeal No. 1.)—Appeal unanimously dismissed without costs *(see, Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988). (Appeal from Order of Supreme Court, Jefferson County, Inglehart, J.—Negligence.) Present—Doerr, J. P., Green, Pine, Lawton and Davis, JJ.

■ MARY TAYLOR, Respondent, v CHARLES HENDERSON, as Administrator of the Estate of LYNN HENDERSON, Deceased, Appellant. (Appeal No. 2.)—Judgment affirmed without costs. Memorandum: In this personal injury action, the court submitted an interrogatory to the jury seeking determinations of both future loss of earnings and future impairment of earning ability. The jury awarded plaintiff $97,500 for future loss of earnings and $25,000 for future impairment of earning ability. Defendant argues for the first time on appeal that the awards are duplicative and should not stand, and that the charge failed to explain any difference between the two concepts.

CPLR 4111 (f) requires itemization of, *inter alia,* loss of earnings and impairment of earning ability, without defining those terms. The interrogatory submitted by the court followed the suggested itemized verdict charge in PJI 2:301 (3) (1990 Supp) and the "Special Verdict Form" that accompanies that section (1 NY PJI2d 481 [1990 Supp]). However, no suggested charge in NY PJI2d explains the distinction be-