■ PATRICIA F. BAKER, Individually and as Executrix of EDWARD C. BAKER, Deceased, Respondent-Appellant, v SPORT-SERVICE CORPORATION, Appellant-Respondent. (Appeal No. 1.)—Judgment unanimously affirmed without costs. Memorandum: The issues of defendant's negligent maintenance of a loading dock and proximate cause were properly submitted to the jury *(see, Baker v Sportservice Corp.,* 142 AD2d 991). Upon our review of the record, we conclude that the evidence was sufficient to support the verdict and that the verdict is not against the weight of the evidence. We further conclude that the award of damages for wrongful death is not excessive. The jury was not bound by the testimony of plaintiff's economist and could have determined that plaintiff's decedent would have continued to work after he was 65 years old, or that the value of his services at home, which included carpentry, plumbing, and auto mechanics, was worth more than the economist's conservative estimate of $5 per hour. We decline to disturb the discretion of the trial court in setting aside the jury verdict of $500,000 for conscious pain and suffering as excessive. In our view, any award in excess of $50,000 for conscious pain and suffering would deviate materially from what would be reasonable compensation (CPLR 5501 [c]).

The court did not err by failing to admit a police report prepared by two officers who did not testify at trial. The personal observations of the officers on the scene contained in the report were cumulative to other evidence already before the jury, and the conclusions drawn by the officers about causation, to the extent that they were based upon conjecture and not personal observation, were not admissible *(cf., Stevens v Kirby,* 86 AD2d 391, 395). The court properly refused defendant's request to offer evidence of plaintiff's remarriage, because the remarriage of a widow may not be taken into consideration when computing damages in a wrongful death action *(see, Rodak v Fury,* 31 AD2d 816, 817). Although some of the comments made by plaintiff's counsel on summation were improper, they did not deprive defendant of a fair trial. The remaining issues raised by defendant were not preserved for appellate review. (Appeals from Judgment of Supreme Court, Erie County, Fudeman, J.—Negligence.) Present—Callahan, J. P., Doerr, Green, Pine and Lowery, JJ.

■ PATRICIA F. BAKER, Individually and as Executrix of EDWARD C. BAKER, Deceased, Respondent-Appellant, v SPORT-SERVICE CORPORATION, Appellant-Respondent. (Appeal No. 2.)—Appeals unanimously dismissed without costs *(see, Hughes v*

*Nussbaumer, Clarke & Velzy,* 140 AD2d 988; *see also,* CPLR 5501 [a] [1]). (Appeals from Order of Supreme Court, Erie County, Fudeman, J.—Negligence.) Present—Callahan, J. P., Doerr, Green, Pine and Lowery, JJ.

■ In the Matter of MICHAEL S., a Person Alleged to be a Juvenile Delinquent.—Order unanimously affirmed without costs for reasons stated in decision at Monroe County Family Court, Kohout, J. *(see, Matter of Randy K.,* 77 NY2d 398). (Appeal from Order of Monroe County Family Court, Kohout, J.—Juvenile Delinquency.) Present—Callahan, J. P., Doerr, Green, Pine and Lowery, JJ. *[See,* 146 Misc 2d 930.]

■ PATRICIA H. MANGONE, Respondent, v RONALD S. MANGONE, Appellant. (Appeal No. 1.)—Judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: In this matrimonial action, defendant argues that it was error to order the sale of his business and to order that the net proceeds be distributed equally. He contends that the business was insolvent and that the real property was subject to liens, mortgages and judgments that exceeded its value by almost $200,000, rendering any attempt to sell the business and real property an exercise in futility. The judgment is hereby modified to provide defendant with the option of either selling the business and real property and dividing the net proceeds as directed or transferring title of the business and real property to plaintiff subject to all encumbrances.

We further find that defendant's motion pursuant to CPLR 4404 (b) to modify the judgment should have been granted to the extent that defendant is entitled to reimbursement of $1,451.50, representing half of the attorneys' fees incurred because of plaintiff's default in an action by U.S.F. & G. against plaintiff and defendant. Because the whole fee of $2,903 was paid from the gross proceeds from the sale of the house, half has in effect already been paid by plaintiff. To the extent that defendant's postjudgment motion sought a revised Qualified Domestic Relations Order, it should have been granted.

We reject defendant's arguments on appeal that he was entitled to additional findings of fact and conclusions of law with respect to certain personal property, legal fees, and income tax refunds, and that he was entitled to distribution of some items or reimbursement for them. Defendant has failed to show on appeal that he requested distribution of that personal property and reimbursement of those legal fees at