We agree with the majority that defendant's remaining contentions are without merit. (Appeal from Judgment of Onondaga County Court, Burke, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Denman, P. J., Green, Pine, Balio and Fallon, JJ.

■ In the Matter of STEVEN A., a Person Alleged to be in Need of Supervision.—Order unanimously affirmed without costs. Memorandum: Contrary to respondent's contention, Family Court had authority to vacate, *sua sponte* and for good cause, the adjudication that he was a person in need of supervision *(see,* Family Ct Act §§ 761, 762).

There is no merit to respondent's contention that the evidence was legally insufficient to prove that he was a person in need of supervision. Petitioner demonstrated beyond a reasonable doubt that respondent was ungovernable, habitually disobedient of the reasonable directions of his mother and stepfather, and was beyond their lawful control *(see,* Family Ct Act § 712 [a]). (Appeal from Order of Erie County Family Court, Honan, J.—Violation of Probation.) Present—Denman, P. J., Green, Pine, Balio and Fallon, JJ.

■ JOSEPH MAHAR, Appellant, v WILLIAM LARKIN et al., Respondents.—Judgment unanimously affirmed with costs. Memorandum: We reject plaintiff's contention that Supreme Court erroneously found that defendants had adversely possessed the concrete slab. The court's findings of fact, which are fully supported by the record, established that defendants' possession of the concrete slab, used as a boat launch, was hostile and under claim of right, actual, open and notorious, exclusive and continuous for the statutory period *(see, Belotti v Bickhardt,* 228 NY 296, 302; *Doherty v Matsell,* 119 NY 646; *City of Tonawanda v Ellicott Cr. Homeowners Assn.,* 86 AD2d 118, 120; *see also, Chavoustie v Stone St. Baptist Church,* 171 AD2d 1055).

We also reject plaintiff's contention that defendants' claim was barred because plaintiff had paid real property taxes on the disputed property *(see, Consolidated Ice Co. v Mayor of City of N. Y.,* 166 NY 92, 101; *see also, Archibald v New York Cent. & Hudson Riv. R. R. Co.,* 157 NY 574, 583). (Appeal from Judgment of Supreme Court, Jefferson County, Gilbert, J.—Adverse Possession.) Present—Denman, P. J., Green, Pine, Balio and Fallon, JJ.

■ PHOENIX ACQUISITION CORPORATION et al., Plaintiffs, v CAMPCORE, INC., et al., Defendants, CHESTER WICKWIRE, F/N/U

DYGERT, Respondent, and MARINE MIDLAND BANK, N. A., Appellant. (Appeal No. 1.)—Appeal unanimously dismissed without costs *(see, Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988). (Appeal from Order of Supreme Court, Onondaga County, Reagan, J.—Summary Judgment.) Present—Denman, P. J., Green, Pine, Balio and Fallon, JJ.

■ PHOENIX ACQUISITION CORPORATION et al., Plaintiffs, v CAMPCORE, INC., et al., Defendants, CHESTER WICKWIRE, F/N/U DYGERT, Respondent-Appellant, and MARINE MIDLAND BANK, N. A., Appellant-Respondent. (Appeal No. 2.)—Judgment unanimously modified on the law and as modified affirmed with costs to defendant Wickwire in accordance with the following Memorandum: We agree with the court's determination to grant Wickwire summary judgment declaring that any attempt by Marine to enforce the guarantee would be time-barred. A cause of action against a surety to recover on a guarantee· is governed by a six-year Statute of Limitations (CPLR 213 [2]; *American Trading Co. v Fish,* 42 NY2d 20, 26-27) and accrues "as soon as" the debtor defaults in payment of the underlying obligation *(General Phoenix Corp. v Cabot,* 300 NY 87, 93; *see also, Gazza v United Cal. Bank Intl.,* 88 AD2d 968, 969; *Chemical Bank N. Y. Trust Co. v Amory,* 27 AD2d 730, *affd* 21 NY2d 832). That rule accords with the parties' expectations in this case. The guarantee provides that Wickwire is obligated to pay the entire debt (up to $105,000) upon "any" default by the debtor. Because the debtor defaulted in paying the debt no later than April 1983, any claim to enforce the guarantee is time-barred.

Absent any countervailing equitable considerations, it was error for the court to deny costs to Wickwire, the prevailing party on the motion *(see,* CPLR 8101, 8301; *Matter of Birnbaum v Birnbaum,* 157 AD2d 177, 192; *Gabrelian v Gabrelian,* 108 AD2d 445, 446, *appeal dismissed* 66 NY2d 741). The appeal from the stay order is rendered moot by our determination of the main appeal. (Appeals from Judgment of Supreme Court, Onondaga County, Reagan, J.—Dismiss Answer.) Present—Denman, P. J., Green, Pine, Balio and Fallon, JJ.

■ PHOENIX ACQUISITION CORPORATION et al., Plaintiffs, v CAMPCORE, INC., et al., Defendants, CHESTER WICKWIRE, F/N/U DYGERT, Appellant, and MARINE MIDLAND BANK, N. A., Respondent. (Appeal No. 3.)—Appeal unanimously dismissed without costs as moot. Same Memorandum as in *Phoenix Acquisition Corp. v Campcore, Inc.* ([appeal No. 2] 182 AD2d 1101 [decided herewith]). (Appeal from Order of Supreme Court,