orandum: Supreme Court erred in summarily denying the motion of defendant Sardina to change the venue of the action from New York County to Erie County pursuant to CPLR 510 (1) on the ground that plaintiff was not a resident of New York County at the time the action was commenced (see, CPLR 503 [a]). In light of the conflicting averments proffered by the respective parties regarding plaintiff's residence, we are unable to determine, on the record before us, whether plaintiff resided in New York County when the action was commenced. Accordingly, we remit the matter to Supreme Court for a hearing to determine the issue of plaintiff's residence (see, Cerniglia v Combes, 157 AD2d 499) and whether defendant is entitled to a change of venue.

Finally, we do not address defendant Sardina's contention that he was entitled to a change of venue pursuant to CPLR 510 (3). That issue is raised for the first time on appeal and, therefore, is not properly before us. (Appeal from Order of Supreme Court, Erie County, McGowan, J.—Reargument.) Present—Green, J. P., Pine, Balio, Boehm and Davis, JJ.

■ In the Matter of CHARLES W. DEMCHIK, Petitioner, v CHARLES J. HANNIGAN, as New York State Pistol Licensing Officer for Niagara County, Respondent.—Determination unanimously annulled on the law without costs and petition granted in accordance with the following Memorandum: Petitioner was notified that his pistol permit was being reviewed and that an appointment was being made for him to meet with the pistol licensing officer. Petitioner appeared alone, and, at the end of the appointment, his pistol permit was revoked. The notification to petitioner was insufficient to inform him that his permit might be revoked, and he was not given the opportunity to prepare a meaningful defense. In these circumstances, petitioner was denied due process (see, Matter of St.-Oharra v Colucci, 67 AD2d 1104). However, the Niagara County Pistol Permit Office may, if so advised, commence a new proceeding. (Original Proceeding Pursuant to Article 78.) Present—Green, J. P., Pine, Balio, Boehm and Davis, JJ.

■ JEFFREY A. BERRY, on Behalf of Himself and All Other Shareholders of COMPREHENSIVE ANALYTICAL GROUP, INC., Similarly Situated, Respondent, v ROBERT J. BOULWARE et al., Individually and as Directors of COMPREHENSIVE ANALYTICAL GROUP, INC., et al., Appellants. (Appeal No. 1.)—Appeal unanimously dismissed without costs (see, Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988). (Appeal from Judgment of

Supreme Court, Onondaga County, Reagan, J.—Enforce Settlement Agreement.) Present—Green, J. P., Pine, Balio, Boehm and Davis, JJ.

■ JEFFREY A. BERRY, on Behalf of Himself and All Other Shareholders of COMPREHENSIVE ANALYTICAL GROUP, INC., Similarly Situated, Respondent, v ROBERT J. BOULWARE et al., Individually and as Directors of COMPREHENSIVE ANALYTICAL GROUP, INC., et al., Appellants. (Appeal No. 2.)—Judgment unanimously reversed on the law with costs and motion denied. Memorandum: It is settled law that a party who has failed or refused to perform his contractual obligations is not entitled to specific performance of that contract *(see, Grace v Nappa,* 46 NY2d 560, 567, *rearg denied* 47 NY2d 952; *Panner Woodworking Co. v Adair,* 75 AD2d 553, 554; *see generally,* 96 NY Jur 2d, Specific Performance, §§ 23, 24). It is uncontroverted that plaintiff defaulted on his obligation to purchase defendants' shares of stock and that he also failed to perform the directives of a prior court order concerning the purchase or sale of stock in defendant corporation. Under the circumstances, plaintiff was not entitled to specific performance of the settlement agreement. (Appeal from Judgment of Supreme Court, Onondaga County, Reagan, J.—Enforce Settlement Agreement.) Present—Green, J. P., Pine, Balio, Boehm and Davis, JJ.

■ FRANCIS E. KENNY, on Behalf of All the Partners of NIXON, HARGRAVE, DEVANS & DOYLE, Respondent, v ELI VIGLIANO, Appellant. (Appeal No. 1.)—Appeal unanimously dismissed without costs *(see, Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988; *Chase Manhattan Bank v Roberts & Roberts,* 63 AD2d 566, 567). (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.—Vacate Default Judgment.) Present—Green, J. P., Pine, Balio, Boehm and Davis, JJ.

■ FRANCIS E. KENNY, on Behalf of All the Partners of NIXON, HARGRAVE, DEVANS & DOYLE, Respondent, v ELI VIGLIANO, Appellant. (Appeal No. 2.)—Judgment unanimously affirmed with costs. Memorandum: Defendant's motion to vacate the default judgment was properly denied because he failed to show either a meritorious defense or an excusable default *(see, Gray v B. R. Trucking Co.,* 59 NY2d 649, *rearg dismissed* 59 NY2d 966, 60 NY2d 586).

In view of defendant's pattern of conduct throughout the history of this case, Supreme Court did not err in awarding costs and attorney's fees (22 NYCRR 130-1.1 [a]; *see also,*