ARD FRAZER, JR., Respondent. (Appeal No. 2.) [595 NYS2d 702] — Order unanimously affirmed without costs. Same Memorandum as *Innovative Chem. Corp. v Frazer* (191 AD2d 1005 [decided herewith]). (Appeal from Order of Supreme Court, Erie County, Francis, J.—Calculation of Interest.) Present—Pine, J. P., Fallon, Boomer, Davis and Boehm, JJ.

■ JANE DOE et al., Appellants-Respondents, v STATE OF NEW YORK, Respondent-Appellant. (Appeal No. 1.) (Claim No. 82265.) [595 NYS2d 706] —Appeals unanimously dismissed without costs *(see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeals from Judgment of Court of Claims, Margolis, Israel, J.—Negligence.) Present—Pine, J. P., Fallon, Boomer, Davis and Boehm, JJ.

■ JANE DOE et al., Appellants, v STATE OF NEW YORK, Respondent. (Appeal No. 3.) (Claim No. 82265.) [595 NYS2d 706] — Appeal unanimously dismissed without costs *(see, Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988; *see also,* CPLR 5501 [a] [1]). (Appeal from Order of Court of Claims, Israel Margolis, J.—Damage Award.) Present—Pine, J. P., Fallon, Boomer, Davis and Boehm, JJ.

■ JOEL J. HOWELL et al., Appellants, v ROCHESTER INSTITUTE OF TECHNOLOGY, Respondent and Third-Party Plaintiff-Respondent. CHARLES DRISCOLL MASONRY RESTORATION CO., INC., Third-Party Defendant-Appellant and Fourth-Party Plaintiff-Appellant; MASSACHUSETTS BAY INSURANCE COMPANY et al., Fourth-Party Defendants-Respondents. [594 NYS2d 513] — Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred by denying plaintiffs' motion for partial summary judgment under Labor Law § 240 (1). The uncontroverted facts in the record reveal that plaintiff Joel J. Howell was injured when he fell approximately 35 feet to the ground from a scaffold on which he was performing masonry work. The evidence established that the scaffold suddenly tipped and fell away at one end. Therefore, because plaintiff Joel Howell fell from an elevated worksite and no safety or protective devices were then in place to give proper protection to him, plaintiffs are entitled to partial summary judgment on their Labor Law § 240 (1) cause of action *(see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509; *Staples v Town of Amherst,* 146 AD2d 292). Moreover, the availability of safety