(Appeal from Order of Supreme Court, Onondaga County, Pooler, J.—Change of Venue.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.

■ ROBERT F. RICHARDS et al., Respondents, v THOMAS W. MOORE et al., Appellants. (Appeal No. 1.) [603 NYS2d 780] — Judgment unanimously affirmed without costs for reasons stated in decision at Chautauqua County Court, Adams, J. (Appeal from Judgment of Chautauqua County Court, Adams, J.—RPAPL article 15.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.

■ ROBERT F. RICHARDS et al., Respondents, v THOMAS W. MOORE et al., Appellants. (Appeal No. 2.) [603 NYS2d 783] — Appeal unanimously dismissed without costs *(see, Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988; *see also,* CPLR 5501 [a] [1]). (Appeal from Order of Chautauqua County Court, Adams, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.

■ SAMUEL CIRRITO, Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF WHEATFIELD, Respondent. [602 NYS2d 275] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly dismissed the CPLR article 78 petition challenging respondent's denial of petitioner's application for an area variance. To be entitled to an area variance, petitioner had the burden of establishing that strict application of the zoning ordinance would result in practical difficulties *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 445; *Marino v Zoning Bd. of Appeals,* 176 AD2d 1210; *Sanzone v City of Rome,* 170 AD2d 977, 978, *lv dismissed* 77 NY2d 988). "To demonstrate practical difficulties, an applicant bears the burden of showing 'that strict enforcement of the ordinance will cause him a significant economic injury because, as a practical matter, it will not allow him to utilize his property' *(Sanzone v City of Rome, [supra,* at] 978)" *(Matter of Sasso v Gamble,* 181 AD2d 988; *see also, Matter of Fuhst v Foley, supra,* at 445; *Samon v City of Utica Zoning Bd. of Appeals,* 191 AD2d 1004).

Petitioner failed to show that strict enforcement of the zoning ordinance would result in practical difficulties. His area variance application states in conclusory fashion that a two-family residence would be the best use of the property. The minutes of the two public hearings, however, do not