■ TEMPLE BUILDING ASSOCIATES, Appellant, v CHARLES W. SOMERVILLE, Respondent. [642 NYS2d 140] —Judgment unanimously affirmed without costs. Memorandum: We note at the outset that the appeal was taken from an order that was subsumed in a subsequent judgment. In the exercise of our discretion, we treat the appeal as from the subsequent judgment (*see, Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988; CPLR 5520 [c]). Following a bench trial, Supreme Court determined that plaintiff presented insufficient evidence of damages to support its causes of action for breach of an agreement to lease and dismissed those causes of action. We affirm. The damages recoverable for a prospective lessee's breach of an agreement to lease are the actual damages sustained, measured by the excess, if any, of the agreed rent over the actual rental value of the premises (*see, Dickerson v Menschel*, 188 App Div 547, 556; *Shubert v Sondheim*, 138 App Div 800, 806, *affd* 203 NY 636). The only evidence at trial relevant to the actual rental value of the subject premises was the rent in a prior lease and the agreement to lease of $1,855.33 per month, and the rent in the lease to a new tenant of $500 per month. In view of the difference between those rents and the fact that plaintiff failed to demonstrate that it "used diligence in obtaining the best rent possible" in securing the new tenant (11 Williston, Contracts § 1404A, at 567 [3d ed 1968]), we conclude that any damage award would have been speculative. (Appeal from Judgment of Supreme Court, Monroe County, Siragusa, J.—Damages.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Boehm, JJ.