(*see, Marrow v Marrow, supra*). (Appeal from Order of Supreme Court, Erie County, Kane, J.—Divorce.) Present—Pine, J. P., Lawton, Fallon, Doerr and Balio, JJ.

 STEPHEN F. GUTHMANN, Personally and as Administrator of the Estate of IDA GUTHMANN, Deceased, Appellant, v CROUSE IRVING MEMORIAL HOSPITAL et al., Respondents. (Appeal No. 1.) [652 NYS2d 565] —Appeal unanimously dismissed without costs (*see, Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988; *see also,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Onondaga County, Hayes, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Doerr and Balio, JJ.

 STEPHEN F. GUTHMANN, Personally and as Administrator of the Estate of IDA GUTHMANN, Deceased, Appellant, v CROUSE IRVING MEMORIAL HOSPITAL et al., Respondents. (Appeal No. 2.) [652 NYS2d 565] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Judgment of Supreme Court, Onondaga County, Hayes, J.—Dismiss Action.) Present—Pine, J. P., Fallon, Doerr and Balio, JJ.

 STEPHEN F. GUTHMANN, Personally and as Administrator of the Estate of IDA GUTHMANN, Deceased, Appellant, v CROUSE IRVING MEMORIAL HOSPITAL et al., Respondents. (Appeal No. 4.) [652 NYS2d 566] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Judgment of Supreme Court, Onondaga County, Hayes, J.—Dismiss Action.) Present—Pine, J. P., Fallon, Doerr and Balio, JJ.

 ROBERT J. RUSSELL, Appellant, v NIAGARA FRONTIER TRANSPORTATION AUTHORITY, Respondent, et al., Defendants. [651 NYS2d 814] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly granted the motion of Niagara Frontier Transportation Authority (defendant) for summary judgment. "A common carrier owes a duty to an alighting passenger to stop at a place where the passenger may safely disembark and leave the area" (*Miller v Fernan*, 73 NY2d 844, 846). In support of the motion, defendant established that it met its duty as a common carrier and cannot be held liable for the alleged failure to warn. Defendant established that its bus driver chose not to allow plaintiff to disembark at the designated bus stop area because the ground was muddy and instead proceeded to the intersection where plaintiff could safely step onto the curb and proceed across the street in the marked crossing area. In response, plaintiff failed to raise a