those teachers asserted that they were not advised of the right to join the retirement system.

We conclude that petitioner met her burden of proving by substantial evidence that she did not participate in a procedure complying with the criteria of either Retirement and Social Security Law § 803 (b) (3) (ii) or (iii). We therefore grant the petition and direct respondent to file with the retirement system an affidavit stating that petitioner is entitled to retroactive membership in the retirement system (see, Matter of Leister v Board of Educ., 232 AD2d 641). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Chautauqua County, Gerace, J.) Present—Green, J. P., Pine, Doerr, Boehm and Fallon, JJ.

■ FRANK POTTER et al., Individually and as Parents and Natural Guardians of FRANK D. POTTER and Another, Infants, Respondents, v NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Appellant. (Appeal No. 1.) [656 NYS2d 980] —Appeal unanimously dismissed without costs (see, Matter of Eric D. [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Supreme Court, Herkimer County, Kirk, J.—Summary Judgment.) Present—Green, J. P., Pine, Doerr, Boehm and Fallon, JJ.

■ FRANK POTTER et al., Individually and as Parents and Natural Guardians of FRANK D. POTTER and Another, Infants, Respondents, v NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Appellant. (Appeal No. 2.) [656 NYS2d 980] —Appeal unanimously dismissed without costs (see, Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988; see also, CPLR 5501 [a] [1]). (Appeal from Amended Order of Supreme Court, Herkimer County, Kirk, J.—Summary Judgment.) Present—Green, J. P., Pine, Doerr, Boehm and Fallon, JJ.

■ FRANK POTTER et al., Individually and as Parents and Natural Guardians of FRANK D. POTTER and Another, Infants, Respondents, v NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Appellant. (Appeal No. 3.) [656 NYS2d 981] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court erred in concluding that, by breaching its duty to defend, defendant, National Grange Mutual Insurance Company (National Grange), was collaterally estopped from contesting whether the loss is within the policy coverage (see, Servidone Constr. Corp. v Security Ins. Co., 64 NY2d 419, 423). The court, however, also addressed on the merits the issue whether coverage exists under the policy. We agree with the court's conclusion that National Grange failed to show that the pollution exclusion clause "is stated in clear and unmistakable language,