the evidence submitted by defendants fails to establish as a matter of law that plaintiff did not suffer a serious injury. In our view, the evidence submitted by defendants raises an issue of fact whether plaintiff sustained a medically determined injury that prevented him from performing substantially all the material acts that constitute his usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident (*see,* Insurance Law § 5102 [d]). At the time of the accident, plaintiff was employed as a tennis instructor and coach of the tennis team at Utica College. Plaintiff testified at a pretrial deposition that, although he returned to work two weeks after the accident, he was unable to perform his customary activities until more than six months after the accident. Plaintiff testified that, for more than 90 days after the accident, he could not play tennis, demonstrate strokes, hit the ball around with the students or even drive the team bus. Plaintiff testified that he was reduced to nothing more than a team "chaperone" during the fall tennis season. The medical records submitted by defendants dated more than 90 days after the accident note that plaintiff was still unable to perform the activities of his profession. The fact that plaintiff returned to work after two weeks is not dispositive of whether he could perform his usual and customary activities at work (*see, Thomas v Drake,* 145 AD2d 687, 689; *Sole v Kurnik, supra,* at 975). (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Doerr, Balio and Boehm, JJ.

■ ALBERT N. ABGOTT, Appellant, v JOHN P. ROBSHAW, JR., et al., Respondents. (Appeal No. 1.) [661 NYS2d 568] —Order and judgment unanimously affirmed without costs for reasons stated in decision at Supreme Court, Sedita, Jr., J. (Appeal from Order and Judgment of Supreme Court, Erie County, Sedita, Jr., J.—Summary Judgment.) Present—Pine, J. P., Lawton, Doerr, Balio and Boehm, JJ.

■ PARTNERS' PRESS, INC., Appellant, v JOHN P. ROBSHAW, JR., et al., Respondents. (Appeal No. 2.) [661 NYS2d 569] —Order and judgment unanimously affirmed without costs for reasons stated in decision at Supreme Court, Sedita, Jr., J. (Appeal from Order and Judgment of Supreme Court, Erie County, Sedita, Jr., J.—Summary Judgment.) Present—Pine, J. P., Lawton, Doerr, Balio and Boehm, JJ.

■ LAWRENCE ROMANO, Respondent, v BASICNET, INC., Appellant, et al., Defendants. (Appeal No. 1.) [661 NYS2d 568] —Appeal unanimously dismissed without costs (*see, Hughes v Nuss-*

*baumer, Clarke & Velzy,* 140 AD2d 988; *see also,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Doerr, Balio and Boehm, JJ.

■ LAWRENCE ROMANO, Respondent, v BASICNET, INC., Appellant, et al., Defendants. (Appeal No. 2.) [661 NYS2d 135] —Judgment and order unanimously affirmed without costs. Memorandum: In 1992 Basicnet, Inc. (defendant) hired plaintiff to serve as its president for a period of five years. Pursuant to the employment contract, if plaintiff were fired without cause, he would be entitled to his salary for the remainder of the five-year term. In 1993 disagreements arose between plaintiff and the Chairman of the Board of Directors regarding personnel matters, and, following a meeting of the Board of Directors (Board) in January 1994, plaintiff was ordered to fire his son-in-law, who worked in the Marketing Department. Plaintiff suffered a heart attack in March 1994 and took a leave of absence from work. He was fired in October 1994 after refusing to return to work within the deadline imposed by the Board.

The complaint alleges causes of action for breach of contract, constructive termination, tortious interference with contract rights, intentional infliction of emotional distress and libel. Defendant asserted a counterclaim seeking the return, pursuant to a "Side Agreement for Split Dollar Collateral Assignment Plan" (Side Agreement), of premiums paid on a life insurance policy for plaintiff. Following a jury trial, plaintiff was awarded damages on his causes of action for breach of contract and constructive termination. The jury did not award defendant damages on its counterclaim. Defendant appeals.

We reject the contention of defendant that Supreme Court erred in admitting parol evidence of the negotiations between plaintiff and the Board regarding plaintiff's duties as president. That evidence was not inconsistent with the employment contract, which did not specify plaintiff's duties as president (*see, Rudman v Cowles Communications,* 30 NY2d 1, 10-11; *see also,* Prince, Richardson on Evidence § 11-101 [Farrell 11th ed]).

"Viewing the trial evidence in the light most favorable to the plaintiff and according plaintiff the benefit of every favorable inference" (*Restey v Victory Mkts.,* 127 AD2d 987, *lv denied* 69 NY2d 613), we conclude that the verdict is not wholly irrational (*see, Cohen v Hallmark Cards,* 45 NY2d 493, 499). The evidence establishes that defendant breached the employment contract by materially changing plaintiff's duties (*see, Rudman v Cowles Communications, supra,* at 10; *Zeumer v Fire*