FOURTH DEPARTMENT, MAY, 2009

(May 1, 2009)

■ EASTON TELECOM SERVICES, LLC, Appellant, v GLOBAL CROSSING BANDWIDTH, INC., et al., Respondents. (And a Third-Party Action.) [877 NYS2d 809]—

Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered September 29, 2008. The order and judgment, inter alia, granted the cross motion of defendant Global Crossing Bandwidth, Inc. for summary judgment.

It is hereby ordered that the order and judgment so appealed from is unanimously modified on the law by denying the cross motion with the exception of that part seeking summary judgment dismissing those claims against defendant Global Crossing Bandwidth, Inc. based on invoices with due dates before October 8, 2005 and reinstating the amended complaint with the exception of those claims against that defendant and reinstating the third-party complaint and as modified the order and judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action alleging, inter alia, that defendant Global Crossing Bandwidth, Inc. (Global Crossing), the successor in interest of Frontier Communications International, Inc. (Frontier), breached its contract with plaintiff by paying a portion of payphone surcharges to defendant Davel Communications, Inc. (Davel) and in turn seeking reimbursement from plaintiff for those surcharges paid to Davel. Plaintiff moved for summary judgment on the amended complaint against both defendants, and Global Crossing cross-moved "for Summary Judgment, and for such other and further relief [as Supreme] Court deems just and proper." By the order and judgment on appeal, the court denied plaintiff's motion,

granted the "motion" of Global Crossing insofar as it sought summary judgment dismissing the amended complaint against it and granted Global Crossing's counterclaims against plaintiff. In addition, the court dismissed as moot the "motion" of Global Crossing against Davel and Global Crossing's third-party complaint against Davel. We note at the outset that, although plaintiff took an appeal from a prior order determining the motion and cross motion rather than from the subsequent order and judgment in which that order was subsumed, we exercise our discretion to treat plaintiff's notice of appeal as valid and deem the appeal as taken from the order and judgment (*see Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988 [1988]; *see also* CPLR 5520 [c]).

The record establishes that in 1995, Frontier, a telecommunications carrier, contracted to provide service to plaintiff, a telecommunications reseller. Pursuant to that agreement, Frontier was not required to consider any notice of a billing discrepancy received more than 60 days after the due date on the relevant invoice. Plaintiff then contracted to resell the service to Davel.

By a "Concurrence Memorandum" (Memorandum) between plaintiff and Global Crossing in April 2004, those parties agreed that specified toll-free calls made from the payphones of plaintiff's customers, including Davel, would be exempt from a mandate of the Federal Communications Commission requiring surcharges to be collected on toll-free calls made from payphones. The Memorandum provided that plaintiff was required to provide Global Crossing with a list of telephone numbers for which it sought exemption from the surcharge and that those telephone numbers would be assigned to a specific association code. Global Crossing collected a surcharge on various toll-free telephone calls made from Davel's payphones between May and December 2005 because, although plaintiff submitted the telephone numbers for which it requested exemption, they were never assigned to the proper association code. Global Crossing then paid a large portion of the collected surcharge to Davel and sent invoices to plaintiff seeking reimbursement of the surcharge paid to Davel.

We conclude that the court erred in granting those parts of the cross motion of Global Crossing for summary judgment dismissing the amended complaint against it in its entirety and granting Global Crossing's counterclaims against plaintiff, based on its determination that plaintiff failed to comply with the terms of the Memorandum. Upon our review of the record, we conclude that there are issues of fact whether plaintiff errone-

ously placed Davel's telephone numbers on an improper associa-
tion code or whether the actions of Global Crossing may have
caused the error (*see generally Zuckerman v City of New York*,
49 NY2d 557, 562 [1980]). Indeed, we note that, by its own
submissions on its cross motion, Global Crossing raised issues
of fact that render summary judgment dismissing the amended
complaint against it in its entirety inappropriate and judgment
on Global Crossing's counterclaims against plaintiff inappropri-
ate. In any event, even assuming, arguendo, that the court
properly determined that Global Crossing met its initial burden,
we conclude that plaintiff presented evidence raising triable is-
sues of fact with respect to all but those claims based on invoices
with due dates before October 8, 2005 (*see generally id.*). We
agree with Global Crossing that the court properly granted that
part of its cross motion for summary judgment dismissing the
amended complaint to the extent that it asserts claims based on
allegedly improper charges on invoices with due dates before
October 8, 2005, i.e., 60 days before the billing dispute was filed
by plaintiff, in accordance with the 1995 agreement between
plaintiff and Frontier. We reject the contention of plaintiff that
the 1995 agreement does not apply to its claims to collect
improper surcharges. We note that the language of the 1995
agreement is unambiguous and, indeed, the record contains evi-
dence that plaintiff's employees admitted that they were
required to review all invoices in a timely manner and to raise
any dispute with respect to invoices within 60 days of their
receipt.

We note in addition that plaintiff contends that the court
erred in denying that part of its motion for summary judgment
against Davel based on an oral agreement between plaintiff and
Davel that exempted Davel from collecting the surcharge from
Global Crossing. Even assuming, arguendo, that plaintiff met
its initial burden, we conclude that the deposition testimony of
Davel's employees raises issues of fact with respect to the exis-
tence and terms of an agreement to waive the collection and
payment of surcharges (*see generally id.*).

We therefore modify the order and judgment by denying
Global Crossing's cross motion with the exception of that part
seeking summary judgment dismissing those claims against
Global Crossing based on invoices with due dates before October
8, 2005 and reinstating the amended complaint with the excep-
tion of those claims against Global Crossing and reinstating the
third-party complaint. Present—Hurlbutt, J.P., Smith, Fahey,
Peradotto and Pine, JJ.