■ DEBORAH NICHOLS, Respondent, v BDS LANDSCAPE DESIGN et al., Appellants. [913 NYS2d 841]—

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered February 4, 2010 in a personal injury action. The order granted the relief requested in plaintiff's petition.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the special proceeding is converted to an action.

Memorandum: Deborah Nichols was injured in November 2005 when she slipped and fell on ice in an area maintained by BDS Landscape Design (BDS) and William Dobson, III. National Grange Mutual Insurance (National Grange) is the insurance carrier for BDS and Dobson. Nichols successfully filed a workers' compensation claim and, beginning in February 2007, she entered into settlement negotiations with National Grange with respect to her negligence claim. The parties thereafter reached an oral settlement of the negligence claim. In a confirming letter from her attorney in May 2008, Nichols stated that the settlement was "subject to the consent and waiver of the lien" by nonparty Sedgwick Claims Management Services (Sedgwick), the insurance carrier for the Workers' Compensation Board. On July 30, 2008, Nichols sent a proposed general release to National Grange that improperly named an unrelated entity as

the released party and, the following day, National Grange faxed a release to Nichols containing the same terms as her proposed release but naming the correct released parties. Nichols did not receive Sedgwick's consent to the settlement until April 2009, whereupon she executed the release prepared by National Grange. By letter dated May 29, 2009, however, National Grange advised Nichols that its position was that the case was not settled and that the claim by Nichols therefore was time-barred.

Nichols thereafter commenced this "special proceeding" by order to show cause and petition, seeking a determination "that a judgment be entered against [National Grange, BDS and Dobson] . . . tolling the running of the [s]tatute of [l]imitations[ ] and compelling payment of the agreed settlement to [Nichols]." According to Nichols, National Grange "breached its settlement agreement" and "acted in a deceptive manner that tolls the running of the [s]tatute of [l]imitations as intended by the CPLR." Supreme Court granted the relief requested by Nichols, resulting in this appeal by BDS, Dobson and National Grange.

Inasmuch as a special proceeding is not the proper procedural vehicle for Nichols' claims (*see generally* CPLR 103 [b]), which sound in breach of contract (*see Insurance Co. of N. Am. v New York Cas. Ins. Co.*, 156 AD2d 1018, 1018-1019 [1989], *lv denied* 75 NY2d 708 [1990]; *see also Kowalchuk v Stroup*, 61 AD3d 118, 119-121 [2009]), we exercise our power to convert this "special proceeding" to an action (*see* CPLR 103 [c]; *see generally Jones v Town of Carroll*, 32 AD3d 1216, 1218 [2006], *appeal dismissed* 12 NY3d 880 [2009]). We thus deem the order to show cause to be a summons and the petition to be a complaint (*see Matter of Bart-Rich Enters., Inc. v Boyce-Canandaigua, Inc.*, 8 AD3d 1119 [2004]), and we note that Nichols is properly denominated as a plaintiff while BDS, Dobson and National Grange are properly denominated as defendants.

With respect to the merits of this action, we conclude that the court erred in effectively granting summary judgment to plaintiff (*see generally Taskiran v Murphy*, 8 AD3d 360 [2004]), inasmuch as plaintiff failed to establish the existence and terms of the settlement agreement as a matter of law (*see generally Pyramid Brokerage Co., Inc. v Zurich Am. Ins. Co.*, 71 AD3d 1386, 1387 [2010]; *Easton Telecom Servs., LLC v Global Crossing Bandwidth, Inc.*, 62 AD3d 1235, 1237 [2009]). We therefore reverse the order. Present—Smith, J.P., Centra, Fahey, Peradotto and Pine, JJ.