# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**166**
**CA 15-00968**
PRESENT: WHALEN, P.J., LINDLEY, TROUTMAN, AND SCUDDER, JJ.

---

PIRRO & SONS, INC., PLAINTIFF-APPELLANT,

V                                                          MEMORANDUM AND ORDER

THOMAS J. PIRRO, JR. FUNERAL HOME AND THOMAS J.
PIRRO, JR., DEFENDANTS-RESPONDENTS.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

BARCLAY DAMON, LLP, SYRACUSE (MICHAEL A. OROPALLO OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Onondaga County
(Deborah H. Karalunas, J.), entered July 25, 2014. The order granted
defendants' motion to dismiss the petition.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the special proceeding
is converted to an action, the motion is denied and the petition is
reinstated as a complaint.

Memorandum: Pirro & Sons, Inc. commenced this "proceeding"
seeking a preliminary and permanent injunction, alleging that Thomas
J. Pirro, Jr. Funeral Home and Thomas J. Pirro, Jr. violated the terms
of a settlement agreement in a prior action, which was thereafter
discontinued, by using language in an advertisement in a church news
bulletin that indicated an affiliation with Pirro & Sons, Inc. We
note at the outset that Pirro & Sons, Inc. correctly concedes that it
improperly commenced a proceeding rather than an action, and we
exercise our discretion under CPLR 103 (c) to convert this matter to
an action for breach of contract (*see e.g. Nichols v BDS Landscape
Design*, 79 AD3d 1690, 1691). We thus deem the petition to be a
complaint, and we note that Pirro & Sons, Inc. is properly denominated
as a plaintiff, while Thomas J. Pirro, Jr. Funeral Home and Thomas J.
Pirro, Jr. are properly denominated as defendants.

We conclude that Supreme Court erred in granting defendants'
motion to dismiss the complaint pursuant to CPLR 3211. In deciding a
motion pursuant to CPLR 3211, we must afford plaintiff "the benefit of
every possible favorable inference, and determine only whether the
facts as alleged fit within any cognizable legal theory" (*Leon v
Martinez*, 84 NY2d 83, 87-88). We conclude that plaintiff alleged a
cognizable claim for breach of contract for which it seeks a permanent

injunction (*see generally Destiny USA Holdings, LLC v Citigroup Global Mkts. Realty Corp.*, 69 AD3d 212, 216-217).