JARCHO BROS., INC., Plaintiff, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 25082.)

Court of Claims, February 18, 1943.

M. *Carl Levine* for claimant.

*John J. Bennett, Jr., Attorney-General* (*Burns F. Barford* of counsel), for defendant.

DYE, J.   Jarcho Bros., Inc., as low bidders were awarded the completion contract for certain plumbing work at the Hospital for the Treatment of Tuberculosis at Oneonta, New York. Hyman Homer and Son, Inc. had originally been given the job but defaulted before completion.   Following their default, the State made an examination of the work to determine what remained to be done.   The inspectors made a detailed report which became the basis for the completion contract.

After receiving the Notice to Bidders, and before bidding, the claimant inspected the site.   The State inspector who had assisted at the examination following the Homer default was present by appointment and showed the claimant about the building and pointed out the work remaining to be done.   He omitted, however, to say anything about an enclosed conductor pipe over the ambulance entrance and certain pipes in a hung ceiling, and when asked about the sanitary sewer connections stated that they were in.   Under the general condition of the work as it had then progressed, all of these items would normally have been installed in keeping with general building practice.   As a matter of fact, these items were not in, nor were they included in the list of unfinished items furnished to bidders, all of which the inspector knew, but concerning which he remained silent or, as in the instance of the sanitary sewers, stated affirmatively that they were in.

The contractor entered into the contract, relying upon the fact that these items were all duly installed.   When, in the course of the work, it developed that these items had been omitted, the contractor did the work under protest, and now seeks reimbursement.   There is no dispute as to the facts.

The State relies for its defense on the failure of the claimant properly to inspect the site before entering into the contract, relying on the clause in the Notice to Bidders to the effect that " Bidders shall visit the premises and ascertain the amount of work to be done and the conditions under which the work is to be executed," (Addendum No. 2) and that " The proposal * * * shall be regarded as having been made with full knowledge of conditions and requirements."   (General Conditions.)   The State also contends that the statement made by the inspector in charge, however false and improvident, cannot bind the State; and if the claimant relied on it, it did so at his own risk.

Further, that the certification for payment which included work pertaining to the omitted items issued to the Homer concern, and made available to the bidders, was not one of the documents included in the Notice to Bidders, and if the claimant relied on it to its loss, it had no one to blame but himself.

These specious defenses are of no avail in the instant claim. The rule laid down in *Weston* v. *State of New York* (262 N. Y. 46) is not applicable to the present situation. In that case, there was an honest mistake of fact as to underground conditions. The State made no representation and expressly directed bidders to satisfy themselves, and if the claimant saw fit to rely on the State's mistaken belief as to underground condition when the true condition was equally available, it does so at its own risk. Nor is this a case where the State was ignorant of facts peculiarly within its knowledge and represented to a prospective bidder that a different condition obtained. Such ignorance is no excuse. (*Young Fehlhaber Pile Co., Inc.,* v. *State of New York,* 177 Misc. 204, affd. 265 App. Div. 61.) This is rather the type of case that falls within the rule of *Jackson* v. *State of New York* (210 App. Div. 115, affd. 241 N. Y. 563). Here the State knew facts which constituted a material element in the contract, and not only deliberately withheld the information from the bidder, but so affirmatively and definitely represented the extent of the work to be done that any reasonable man was justified in relying on the representations as true and complete. This is especially so because the inspector in charge was present at the site expressly for the purpose of assisting the prospective bidder. He was duty bound to deal fairly and honestly. (*Atlanta Const. Co.* v. *State of New York,* 103 Misc. 233.) The contention that the claimant had the opportunity to test the truth or falsity of such representation before obligating itself is of no consequence. (*Albert* v. *Title Guaranty & Trust Co.* 277 N. Y. 421.)

It is only where uncertainty is indicated that a contractor is bound to satisfy himself as to existing conditions or suffer the penalty imposed by the contract terms by such failure. (*Foundation Co.* v. *State of New York,* 233 N. Y. 177; also *Faber* v. *City of New York,* 222 N. Y. 255; *Weston* v. *State of New York, supra.*) The fact is, the claimant relied on the State's representation to its detriment and is entitled to an award in an amount reasonably and fairly constituting the damages sustained in reliance thereon.

The claimant's measure of damages, being based on the cost of labor and material prevailing on the job at the time, in the

absence of any proof to the contrary, is accepted by the court as being fair and reasonable. (*Turner Construction Co.* v. *State of New York,* 279 N. Y. 243; *United States* v. *McMullen,* 222 U. S. 460.)

The failure of the State to call Inspector Rausch or excuse its failure to do so gives rise to the presumption that his testimony would have supported the claimant's contention. (*Dowling* v. *Hastings,* 211 N. Y. 199; also 2 Wigmore on Evidence [3d ed.] § 285.) Nor was there any error committed in allowing the claimant to testify as to the conversations had with the inspector at the time of the inspection of the site. False and fraudulent representations are not extinguished by the consummation of the contract, but survive as a basis for setting aside the contract in its entirety or to form the basis for extra and additional work not included in the contract. (*Jackson* v. *State of New York, supra; Young Fehlhaber Pile Co.* v. *State of New York, supra.*)

Let judgment be entered accordingly.