■ DAVID DANZEISEN REALTY CORPORATION, Respondent, v CONTINENTAL INSURANCE COMPANY, Appellant, et al., Defendant.—In an action, *inter alia,* to recover damages for breach of an insurance contract, the defendant Continental Insurance Company appeals from a judgment of the Supreme Court, Westchester County (Delaney, J.), dated March 2, 1989, which, upon a ruling granting the plaintiff judgment as a matter of law as to liability, and upon a jury verdict as to damages, is in favor of the plaintiff and against it in the principal sum of $96,697.82.

Ordered that the judgment is affirmed, with costs.

In 1982, when the roof of a building owned by the plaintiff began to slide, the plaintiff sought reimbursement under an "all risk" insurance policy it had with Continental Insurance Company (hereinafter Continental). An "all risk" policy covers all losses which are fortuitous *(see, Dow Chem. Co. v Royal Indem. Co.,* 635 F2d 379; *Standard Structural Steel v Bethlehem Steel Corp.,* 597 F Supp 164; Annotation, *All Risks Insurance-Coverage,* 88 ALR2d 1122, 1128, at § 4; 10A Couch, Insurance 2d § 42:2, at 148). However, Continental disclaimed coverage, contending that the loss was not fortuitous because it was caused by the plaintiff's failure to adequately repair the roof following a fire in 1980, for which Continental paid the plaintiff under a previous policy. We disagree.

A fortuitous event is "any occurrence or failure to occur which is, or is assumed by the parties to be, to a substantial extent beyond the control of either party" (Insurance Law § 1101 [a] [2]). There is no evidence in this record that the sliding of the roof was within the control of either party. The plaintiff hired Wald Roofing Company (hereinafter Wald) to make the repairs following the 1980 fire. The plaintiff did not have any expertise in this area, and therefore relied upon Wald to do whatever was necessary to properly complete the job. Further, the owner of Wald testified that he would not have done the repair if there were any danger to the structure. Thus, the loss was "to a substantial extent beyond [plaintiff's] control" (Insurance Law § 110 [a] [2]). Further, Continental's contention that the plaintiff was negligent in

failing to make proper repairs is unavailing. Mere negligence of an insured is not a defense to coverage under an "all risk" policy (see, Finkelstein v Central Mut. Ins. Co., 8 Misc 2d 261; Morrison Grain Co. v Utica Mut. Ins. Co., 632 F2d 424, 431; Leavell & Co. v Fireman's Fund Ins. Co., 372 F2d 784; New York, New Haven & Hartford R. R. Co. v Gray, 240 F2d 460, cert denied 353 US 966; Central Mfrs. Mut. Ins. Co. v Elliott, 177 F2d 1011). We also find that the loss was not caused by an inherent or latent defect which would fall under one of the policy's exclusions (see, Essex House v St. Paul Fire & Mar. Ins. Co., 404 F Supp 978, 988-989; Mattis v State Farm Fire & Cas. Co., 118 Ill App 3d 612, 454 NE2d 1156; see also, General Am. Transp. Corp. v Sun Ins. Off., 369 F2d 906). Therefore, since there was no rational process upon which the jury could base a finding in favor of Continental, judgment as a matter of law in favor of the plaintiff as to liability was warranted (see, Blum v Fresh Grown Preserve Corp., 292 NY 241, 245). Brown, J. P., Harwood, Miller and Ritter, JJ., concur.