■ HENRY MODELL AND COMPANY, INC., Appellant, v GENERAL INSURANCE COMPANY OF TRIESTE & VENICE, Doing Business as GENERALI, Respondent. [597 NYS2d 75] —Order and judgment (one paper), Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about February 4, 1992, which granted defendant insurer's motion for summary judgment dismissing the complaint and declaring that there is no insurance coverage provided for plaintiff's claimed loss, unanimously affirmed, with costs.

The IAS Court properly determined that plaintiff insured's claim for loss and damage to its retail store merchandise allegedly caused by dust, dirt and debris infiltrating and permeating the insured's premises as a result of a neighboring Metropolitan Transportation Authority subway construction project was not covered under the policy of commercial property insurance issued by the defendant to the plaintiff by reason of the plaintiff's failure to give timely notice of the claim "as soon as possible" as required by the policy (Power Auth. v Westinghouse Elec. Corp., 117 AD2d 336, 339), because the damages claimed occurred prior to the inception of the policy and were fully known to the plaintiff more than eight

months before the commencement of coverage (Insurance Law § 1101 [a] [1], [2]; *cf., Danzeisen Realty Corp. v Continental Ins. Co.,* 170 AD2d 432), because the plaintiff's failure to prevent the infiltration of the dust and dirt through its air conditioning and ventilation units barred coverage under the policy exclusion for damages caused by faulty maintenance, and because the damage to the property was due to "pollutants" or "contaminants" specifically excluded from coverage under the policy's pollution exclusion *(Park-Ohio Indus. v Home Indem. Co.,* 975 F2d 1215, 1219; *Powers Chemco v Federal Ins. Co.,* 74 NY2d 910, 911).

We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Nardelli, JJ.