(November 22, 1993)

■ A & B ENTERPRISES, INC., Appellant, v HARTFORD INSURANCE COMPANY, Respondent. [604 NYS2d 166] —In an action to recover a loss under an "all risk" insurance policy, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Smith, J.), dated April 26, 1991, which, upon a jury verdict, is in favor of the defendant and against it dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the plaintiff is granted judgment as a matter of law, and the matter is remitted to the Supreme Court, Queens County, for the entry of judgment in the plaintiff's favor in the principal sum of $26,750, in accordance herewith.

In 1983 the plaintiff entered into a contract with Queens College to resurface and landscape its athletic fields. Thereafter, the plaintiff subcontracted out part of the work to Custom Landscape Design, Inc. As part of its agreement with the subcontractor, the plaintiff agreed to provide the necessary equipment needed to do the job. To that end, in June 1983 the plaintiff purchased a tractor and attachments and gave the subcontractor the key and exclusive use thereof at the job site. The equipment was left at the job site in a fenced-in area secured by a padlocked gate. The plaintiff provided the subcontractor with a key to the padlock as well. On or about July 13, 1983, the tractor and attachments disappeared, allegedly taken from the site by the subcontractor in a dispute over wages owed the subcontractor by the plaintiff.

The plaintiff brought an action against its insurer, the defendant, to recover its loss under an "all risk" policy. An "all risk" policy covers all losses which are fortuitous (see, Danzeisen Realty Corp. v Continental Ins. Co., 170 AD2d 432). However, the defendant disclaimed coverage, contending that the loss was not fortuitous because the equipment was taken as a result of a money dispute between the plaintiff and its subcontractor. Moreover, the defendant alleged that the plaintiff concealed and misrepresented material facts regarding the loss in violation of the general conditions of the policy. The plaintiff, on the other hand, contended that the monetary dispute with its subcontractor was irrelevant to the issue of whether the loss was fortuitous, since the equipment was not taken under a claim of right. The trial court submitted the issue of fortuitousness to the jury, which returned a verdict in favor of the defendant. The plaintiff's motions for a judgment as a matter of law were denied. We reverse.

An "all risk" policy covers "all fortuitous losses not resulting from misconduct or fraud" (70 NY Jur 2d, Insurance, § 1434, at 294; *see also, Lipiner & Son v Hanover Ins. Co.,* 869 F2d 685; *Danzeisen Realty Corp. v Continental Ins. Corp., supra,* at 432). A fortuitous event is defined in Insurance Law § 1101 (a) (2) as "any occurrence or failure to occur which is, or is assumed by the parties to be, to a substantial extent beyond the control of either party". Where there is no rational basis upon which the jury could find in favor of the insurer, the issue of fortuitousness may be decided as a matter of law *(see, Danzeisen Realty Corp. v Continental Ins. Corp., supra,* at 433).

On the record before us, it is clear that the plaintiff's loss was fortuitous. The contract between the plaintiff and the subcontractor required the plaintiff to provide the subcontractor with ready access to the equipment. Thus, the loss was "to a substantial extent beyond the [plaintiff's] control" (Insurance Law § 1101 [a] [2]; *see also, Danzeisen Realty Corp. v Continental Ins. Co., supra,* at 433). The fact that the plaintiff may have had a monetary dispute with the subcontractor is irrelevant to the issue of fortuity, since the record does not contain evidence that the subcontractor had a legal claim to the equipment *(see generally, Intermetal Mexicana v Insurance Co.,* 866 F2d 71). Nor is there any evidence that the plaintiff's employee intended to defraud the defendant, a necessary element to the defendant's affirmative defenses of willful concealment, misrepresentation, and false swearing *(see, Deitsch Textiles v New York Prop. Ins. Underwriting Assn.,* 62 NY2d 999; *Hutt v Lumbermens Mut. Cas. Co.,* 130 AD2d 546). Therefore, the trial court should have granted the plaintiff's motion for judgment as a matter of law instead of submitting the issue of fortuitousness to the jury.

Having found that the plaintiff is entitled to judgment on the issue of liability as a matter of law, the only remaining issue is damages. Inasmuch as the testimony of the plaintiff's expert at the trial regarding damages was uncontested, it is deemed conclusive *(see, Jenkins v Etlinger,* 55 NY2d 35; *Turner Constr. Co. v State of New York,* 253 App Div 784, *mod on other grounds* 279 NY 243; *Shore Bridge Corp. v State of New York,* 186 Misc 1005, *affd* 271 App Div 811; *H. L. Baughman, Inc. v New York State Thruway Auth.,* 30 Misc 2d 1002; *Jarcho Bros. v State of New York,* 179 Misc 795). Therefore, damages are $27,000, less the $250 deductible, or $26,750 plus interest to be determined by the Supreme Court, Queens County.

In view of our determination, we need not address the plaintiff's remaining contentions. Bracken, J. P., Balletta, Miller and Pizzuto, JJ., concur.