■ NEW YORK STATE ELECTRIC & GAS CORPORATION, Appellant, v LEXINGTON INSURANCE COMPANY et al., Respondents. [612 NYS2d 43] —Order and judgment (one paper), Supreme Court, New York County (Beverly Cohen, J.), entered on or about April 23, 1993, which, upon the parties' cross motions for summary judgment, declared that defendant insurers properly disclaimed coverage and dismissed the complaint, unanimously modified, on the law, to delete the paragraph dismissing the complaint, and otherwise affirmed, without costs.

We agree with the IAS Court that where plaintiff deliberately removed the blower spacer component from its generating plant for diagnostic testing and preventive maintenance, the resulting downtime cannot be deemed a fortuitous event within the meaning of the subject all risk policies, i.e., an event beyond plaintiff's control *(see, A & B Enters. v Hartford Ins. Co.,* 198 AD2d 389, 390; *see also, 80 Broad St. Co. v United States Fire Ins. Co.,* 88 Misc 2d 706, 707, *affd* 54 AD2d 888, *lv denied* 42 NY2d 801). We modify only because there was no reason to dismiss the complaint after declaring the rights of the parties *(cf., Lanza v Wagner,* 11 NY2d 317, 334).

We have considered plaintiff's remaining arguments and find them to be without merit. We would note that while the IAS Court misstated an aspect of plaintiff's claim as asserting that the "indication" found in the subject blower spacer was evidence of fatigue damage, the court's determination on this issue, which was well reasoned and is supported by a review of the record, did not turn on that characterization. Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Rubin, JJ.