■ J. ARON & COMPANY, Respondent, v RICHARD CHOWN et al., Appellants. [647 NYS2d 8] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered June 12, 1996, as further explained in the decision/order of the same court and, Justice entered June 28, 1996, which denied defendants' motion for summary judgment dismissing the complaint and plaintiff's cross motion for summary judgment and for dismissal of the affirmative defenses, unanimously modified, on the law, plaintiff's cross motion granted to the extent of dismissing the third, fifth, and sixth affirmative defenses, and otherwise affirmed, without costs.

A choice-of-law analysis is not required, since there is no conflict between the law of New York and that of Newfoundland, the proposed foreign forum (*see, Matter of Allstate Ins. Co. [Stolarz]*, 81 NY2d 219, 223, 225). Under *Reed v Federal Ins. Co.* (71 NY2d 581, 588), New York law as to coverage of innocent coinsureds favors a " 'new' " and " ' "dominant" ' " approach, whereby the court "looks not to the property interest of each named insured but to the terms of the insurance policy". Pursuant to *Scott v Wawanesa Mut. Ins. Co.* ([1989] 1 SCR 1445, 1465), the Supreme Court of Canada gives force to express policy language that is "perfectly clear and unambiguous". In either jurisdiction, any exclusion must be by express language. Here, there is no sufficiently expressed exclusion.

Defendants, having extended the coverage of an all-risk policy (*see, A & B Enters. v Hartford Ins. Co.*, 198 AD2d 389, 390), necessarily agreed to cover the risk that the insured's own negligence might contribute to a loss (*see, e.g., New York Bd. of Fire Underwriters v Trans Urban Constr. Co.*, 60 NY2d 912), as well as any risk taken in the ordinary course of the insured's business (*see, e.g., Pillsbury Co. v Underwriters at Lloyd's*, 705 F Supp 1396, 1400). Thus, the affirmative defenses denying coverage of such risks are stricken. With respect to the remaining affirmative defenses and plaintiff's claims of waiver and estoppel, factual issues bar summary resolution at this time.

We have considered the parties' remaining arguments for af-

firmative relief and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Wallach, Tom and Andrias, JJ.