■ S.T.A. PARKING CORP., Appellant, v LANCER INSURANCE COMPANY, Respondent. (And Another Action.) [972 NYS2d 896]—

Orders, Supreme Court, New York County (Carol R. Edmead, J.), entered December 27, 2011 and January 10, 2012, which, to the extent appealed from, declared that the insurance policy issued by Lancer Insurance Company to S.T.A. Parking Corp. does not provide coverage to S.T.A. in the underlying actions against it, ordered S.T.A. to reimburse Lancer for indemnification costs already paid, and denied S.T.A.'s cross motion for summary judgment declaring in its favor, unanimously affirmed, with costs.

The subject insurance policy states that there is coverage for property damage only if "[p]rior to the policy period" the insured does not know that such damage occurred. The record demonstrates that S.T.A. knew about the property damage to neighboring buildings allegedly caused by construction work performed on its garage at 434 East 77th Street before the inception of the policy (*see Henry Modell & Co. v General Ins. Co. of Trieste & Venice*, 193 AD2d 412 [1st Dept 1993]). On February 4, 2005, the date of S.T.A.'s application for the insurance, correspondence was sent to S.T.A. from counsel for 430 Owners Corp. advising that S.T.A.'s construction project had caused damage to its building at 430 East 77th Street, and advising S.T.A. to notify its general liability carrier that "claims will be made." In addition, Michael Zacharias, president and sole shareholder of S.T.A., testified that "at the end of 2004 or very early 2005" a Department of Buildings inspector reported that there was a crack in the building that had been caused by the work being done on S.T.A.'s premises. In an affidavit, Zacharias stated that in about the first week of January 2005, there was a flood from a broken water pipe in the basement of the building at 436 East 77th Street and that the building owner "intimated that it wanted STA to pay to repair the neglected [sic] conditions in 436's basement."

We have considered S.T.A.'s remaining arguments and find

them unavailing. Concur—Tom, J.P., Sweeny, Manzanet-Daniels, Feinman and Clark, JJ.