■ JANE DOE, Respondent-Appellant, v MADISON THIRD BUILDING COMPANIES, LLC, et al., Appellants-Respondents, AMERICAN COMMERCIAL SECURITY SERVICES OF NEW YORK, INC., et al., Respondents, et al., Defendant. [996 NYS2d 228]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered January 8, 2014, which, to the extent appealed from as limited by the briefs, denied the motion of Madison Third Building Companies, LLC and Cohen Brothers Realty Corporation (Madison) for summary judgment dismissing the complaint and all cross claims asserted against them or, alternatively, for summary judgment on their cross claims against the remaining defendants, granted the motion of defendants American Com-

mercial Security Services of New York, Inc. and ABM Security Services (ACSS) for summary judgment dismissing the complaint and all cross claims asserted against them insofar as it related to their employee Joseph Rogers, and denied plaintiff's cross motion to amend her complaint, unanimously affirmed, without costs.

It is uncontroverted that Madison's motion was not filed within 60 days after the note of issue was filed, as required by the court's part rules. Thus, it was untimely (*see Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725 [2004]; *Brill v City of New York*, 2 NY3d 648, 652 [2004]). Moreover, the court providently exercised its discretion in determining that Madison did not show good cause for the delay (*see Fine v One Bryant Park, LLC*, 84 AD3d 436 [1st Dept 2011]).

The court also properly granted the motion for summary judgment of ACSS, the employers of defendant Afflick, the security guard who committed the alleged assault on plaintiff, and of another security guard, Rogers, present on the date of the assault, and denied plaintiff's motion to amend the complaint as to Rogers. Contrary to her argument on appeal, plaintiff has no viable claim against ACSS based on the actions of Rogers, who had no notice that Afflick would commit the assault (*see generally Maheshwari v City of New York*, 2 NY3d 288 [2004]). ACSS can not be liable for the negligent hiring or retention of Rogers since his conduct in this case did not cause plaintiff's injury (*see White v Hampton Mgt. Co. L.L.C.*, 35 AD3d 243, 244 [1st Dept 2006]). Further, even if he violated ACSS's internal post orders by, inter alia, leaving his post during the time of the assault, and ACSS should have known that he had done that in the past, ACSS's internal rules are not admissible (*see Gilson v Metropolitan Opera*, 5 NY3d 574, 577 [2005]). Concur—Tom, J.P., Sweeny, Andrias, Moskowitz and Gische, JJ.