■ PATRICK O'LEARY, Ph.D, et al., Respondents, v S&A ELECTRICAL CONTRACTING CORP. et al., Appellants. S&A ELECTRICAL CONTRACTING CORP., Third-Party Plaintiff-Appellant, v NYGARD INTERNATIONAL PARTNERSHIP et al., Third-Party Defendants-Appellants. 1435 BROADWAY, LLC, Second Third-Party Plaintiff-

Appellant, v NYGARD INTERNATIONAL PARTNERSHIP et al., Second Third-Party Defendants-Appellants. [53 NYS3d 617]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered January 14, 2016, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for partial summary judgment on the issue of liability on the Labor Law § 241 (6) claim; denied defendant/second third-party plaintiff 1435 Broadway, LLC's (Owner) motion insofar as it sought summary judgment dismissing the Labor Law § 241 (6) claim, and summary judgment on its contractual indemnification claims against third-party defendants and second third-party defendants (Nygard); denied Nygard's motion for summary judgment dismissing the amended complaint, the third-party complaint and the second third-party complaint; and denied as untimely defendant/third-party plaintiff S&A Electrical Contracting Corp.'s (S&A) motion for summary judgment; unanimously modified, on the law, to grant Owner's motion for summary judgment on its contractual indemnification claim against third-party defendant/second-third party defendant Nygard International Partnership, and to grant Nygard's motion to the extent of dismissing all claims against third-party defendant/second-third party defendant Nygard NY Retail, LLC, and otherwise affirmed, without costs.

Plaintiff Patrick O'Leary sustained injuries when he was shocked by temporary electrical wiring laid on the floor of Owner's building while overseeing renovation work performed by his employer, Nygard International Partnership (Nygard International). Nygard International, a Canadian apparel manufacturing company, had leased the building from Owner to serve as its New York headquarters. Nygard International's principal had directed plaintiff, a Canadian citizen who resided in Manitoba, to oversee the construction work.

Given the Manitoba's Workers Compensation Board's assignment to plaintiff of the board's right to pursue claims against negligent third parties, both Manitoba and New York now permit plaintiff to bring the present action against Owner and S&A and, in the absence of any conflict between the laws of the two jurisdictions with respect to plaintiff's ability to maintain this action, no choice-of-law analysis is required in that regard (*J. Aron & Co. v Chown*, 231 AD2d 426 [1st Dept 1996]). To the

extent, if any, Manitoba law, unlike New York law, might prohibit the third-party claims asserted by defendants (both domiciled in New York) against Manitoba-domiciliary Nygard, plaintiff's employer, the availability of a third-party claim against plaintiff's employer is governed by the law of the place of injury—here, New York—"where the local law of each litigant's domicile favors that party, and the action is pending in one of those jurisdictions" (*Cooney v Osgood Mach.*, 81 NY2d 66, 76 [1993]). The application of New York law on this issue is appropriate because this state, where the accident occurred, "is the place with which both [defendants and Nygard] have voluntarily associated themselves" (*id.* at 77), and "comport[s] with the reasonable expectations of [these] parties in conducting their business affairs" (*id.* at 78).

The motion court correctly granted plaintiff partial summary judgment on the issue of liability on the Labor Law § 241 (6) claim, and denied Owner's motion for summary judgment dismissing the claim. Plaintiff was engaged in "construction" work at the time of the incident (Labor Law § 241 [6]), and Owner's attempt to isolate the activities in which plaintiff was involved at the moment of the incident ignores the general context of the work (*see Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 882 [2003]). Further, the record established a violation of 12 NYCRR 23-1.13 (b) (4), which requires that workers who may come into contact with an electric power circuit be protected against electric shock "by de-energizing the circuit and grounding it or by guarding such circuit by effective insulation or other means." That plaintiff was electrically shocked, as confirmed by another Nygard International employee, demonstrated that the circuit was not de-energized, grounded, or guarded by effective insulation. Plaintiff also established that the violation of the provision was a result of negligence (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 349-350 [1998]). Owner's contention that an issue of fact exists as to plaintiff's comparative negligence is unavailing. Plaintiff testified that he had objected to having the temporary lighting work performed in the manner that it was done, and that Nygard International's principal overruled him. The principal's insistence that plaintiff perform the temporary wiring work, despite plaintiff's objections, established negligence by Nygard, for which Owner is vicariously liable (*see Velasquez v 795 Columbus LLC*, 103 AD3d 541, 542 [1st Dept 2013]). Issues of fact as to whether the injuries were caused by the electrical shock relates to the issue of damages, not liability (*see generally McCochran v Giustino*, 26 AD2d 539, 539 [1st Dept 1966]). Nevertheless, given the unchallenged dismissal of the common-law negligence

claim, and the fact that Owner's liability on the Labor Law § 241 (6) claim is purely vicarious, Owner is entitled to summary judgment on its contractual indemnification claim against Nygard International (*see Nazario v 222 Broadway, LLC*, 135 AD3d 506, 510 [1st Dept 2016], *mod on other grounds* 28 NY3d 1054 [2016]).

The motion court providently exercised its discretion in denying S&A's motion as untimely. Contrary to S&A's contention, the preliminary conference order and the court's Part Rules are not in conflict, and S&A has not demonstrated good cause for the delay in making the motion (*see Fine v One Bryant Park, LLC*, 84 AD3d 436, 437 [1st Dept 2011]; *Doe v Madison Third Bldg. Cos., LLC*, 121 AD3d 631 [1st Dept 2014]).

Nygard NY Retail, LLC (LLC) is entitled to dismissal of all claims against it, as none of the parties have submitted any evidence refuting Nygard's proof that the LLC was incorporated a year after the incident. Concur—Friedman, J.P., Richter, Mazzarelli, Feinman and Gische, JJ.