Shannon v New York Times Bldg., LLC (2019 NY Slip Op 02301)





Shannon v New York Times Bldg., LLC


2019 NY Slip Op 02301


Decided on March 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2019

Friedman, J.P., Gische, Tom, Gesmer, Moulton, JJ.


150709/12  8869B 8869A 8869

[*1]8869C Robert E. Shannon, Jr., Plaintiff-Respondent-Appellant,
v
The New York Times Building, LLC, et al., Defendants-Appellants-Respondents, Fujitec America, Inc., Defendant-Respondent-Appellant.


Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains (Roland T. Koke of counsel), for appellants-respondents.
Sullivan & Sullivan, LLP, Garden City (Robert G. Sullivan of counsel), for Robert E. Shannon, Jr., respondent-appellant.
Swartz Law Offices, New York (Gerald Neal Swartz of counsel), for Fujitec America, Inc., respondent-appellant.



Orders, Supreme Court, New York County (Arlene P. Bluth, J.), entered September 13, 2018, which denied plaintiff's motion for summary judgment as to liability, denied defendant Fujitec America, Inc.'s motion for summary judgment dismissing the complaint and cross claims as against it, denied the New York Times and Ratner defendants' (the building defendants) motion for summary judgment dismissing the complaint and cross claims as against them and on their indemnification cross claims against Fujitec, and granted plaintiff's motion for leave to amend the complaint to add a demand for punitive damages, unanimously modified, on the law, to deny plaintiff's motion for leave to amend the complaint to add a demand for punitive damages, and otherwise affirmed, without costs.
Plaintiff is suing for injuries he claims he sustained when the elevator in which he was riding malfunctioned. Issues of fact exist as to the nature and extent of the malfunction, including whether the elevator even went into a "free fall," causing the injuries that plaintiff claims. Defendants also dispute whether they had notice of a defect that led to a malfunction (see Rogers v Dorchester Assoc., 32 NY2d 553, 559 [1973]; Levine v City of New York, 67 AD3d 510 [1st Dept 2009]). Four months before the accident, the City of New York had issued a violation relating to the elevator, in connection with which, a private elevator inspection company had advised the building defendants that they should monitor a "rouge" condition of the elevator hoist ropes, one of which broke on the date of the accident. Defendant Fujitec, which had a full-service elevator maintenance contract with the building defendants, denied being given the violation documents until one week before the accident, after its contract term had expired. In any event, whether or not the contract was still in effect — a fact contested by the parties - the duty of the building defendants to maintain their premises in a reasonably safe condition remained nondelegable (see Mas v Two Bridges Assoc., 75 NY2d 680, 687 [1990]). Accordingly, the building defendants' motion for dismissal of the complaint was properly denied given the issues of fact regarding the nature and extent of the malfunction and whether it was a proximate cause of the injuries alleged.
These same disputed issues warrant denial of summary judgment in plaintiff's favor. [*2]Plaintiff's reliance on O'Leary v S & A Elec. Contr. Corp. (149 AD3d 500 [1st Dept 2017]), in which the plaintiff was granted summary judgment under Labor Law § 246(1), is misplaced, as owners' and general contractors' liability under that statute is not dependent on their own negligence. Similarly unavailing is plaintiff's reliance on the doctrines of res judicata and collateral estoppel. The building defendants pleaded guilty before the Environmental Control Board to violation of Administrative Code of City of NY § 28-301.1, a general provision that states that "[a]ll buildings and all parts thereof and all other structures shall be maintained in a safe condition." They did not admit to notice of a defect that led to the alleged malfunction of the elevator (see Pelzer v Transel El. & Elec. Inc., 41 AD3d 379, 380 [1st Dept 2007] ["care must be taken in identifying the precise issue necessarily decided in the first proceeding and comparing it to the issue involved in the second proceeding"] [internal quotation marks omitted]).
Fujitec contends that there was no defect in the elevator. However, plaintiff's testimony that the elevator began to free fall, if credited by a jury, is sufficient to prove negligence (see Colon v New York City Hous. Auth., 156 AD3d 406 [1st Dept 2017]). Moreover, while Fujitec argues, as to notice, that the rouging observed by the independent inspector was not an indicator that the cables were worn, the fact is that one of the cables broke. Notably, the cables were cut up and disposed of without any inspection being documented or photographs taken. Fujitec's further contention that none of plaintiff's injuries are attributable to the accident is belied by plaintiff's testimony and his physician's affirmations.
Issues of fact preclude summary resolution of the building defendants' claims for contractual and common-law indemnity against Fujitec (see Podhaskie v Seventh Chelsea Assoc., 3 AD3d 361 [1st Dept 2004]). Fujitec contests that the indemnity provision was in effect at the time of the accident, arguing that the contract had expired. Moreover, the indemnitee listed in the contract is not one of the named defendants, and the contract expressly excludes third-party beneficiary status to any entity not named. To the extent Fujitec argues, in its reply brief on appeal, that the contractual indemnity claims should be dismissed in light of the expiration of the term and the named indemnitee, the argument is unpreserved, as it was not made in the motion to dismiss but only in Fujitec's subsequent partial opposition to the building defendants' motion. In any event, Fujitec failed to establish that the parties did not extend the term of the contract by their course of conduct or that their negligence did not occur during the term of the contract or that the building defendants are not agents of the indemnitee. As to the common-law indemnity claims, summary judgment is precluded by issues of fact as to defendants' negligence, in light of the evidence tending to show that they had notice of the violation before the accident.
The court erred in granting plaintiff's motion for leave to amend the complaint to add a demand for punitive damages (see Marinaccio v Town of Clarence, 20 NY3d 506, 511 [2013]["punitive damages will be awarded only in exceptional cases"]). The allegations contained in plaintiff's amended complaint do not rise to the level of moral culpability necessary to support a claim for punitive damages, as they fail to allege conduct that can be viewed as conscious and deliberate disregard for the lives of others; not does the additional evidence found in the record support a finding that defendants acted so recklessly or wantonly as to justify a claim for punitive damages (see Britz v Grace Indus., LLC, 156 AD3d 533 [1st Dept 2017], lv dismissed, 32 NY3d 946 [2018]; see also Heller v Louis Provenzano, Inc., 303 AD2d 20, 25 [1st Dept 2003]).
We have considered the parties' remaining arguments for affirmative relief and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2019
CLERK