Winters v Uniland Dev. Corp. (2019 NY Slip Op 05440)





Winters v Uniland Dev. Corp.


2019 NY Slip Op 05440


Decided on July 5, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


122 CA 18-00328

[*1]TERENCE WINTERS AND MAUREEN WINTERS, PLAINTIFFS-APPELLANTS,
v
UNILAND DEVELOPMENT CORPORATION, UNILAND CONSTRUCTION CORPORATION, COZZWILL, INC., DEFENDANTS-RESPONDENTS, ET AL., DEFENDANT. 
UNILAND DEVELOPMENT CORPORATION AND UNILAND CONSTRUCTION CORPORATION THIRD-PARTY PLAINTIFFS-RESPONDENTS,
v
J & N SERVICES CORPORATION, THIRD-PARTY DEFENDANT-RESPONDENT.






PAUL WILLIAM BELTZ, P.C., BUFFALO (RUSSELL T. QUINLAN OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
BROWN & KELLY, LLP, BUFFALO (PAUL J. CALLAHAN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS UNILAND DEVELOPMENT CORPORATION AND UNILAND

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (MELISSA A. FOTI OF COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered May 18, 2017 in a personal injury action. The order, among other things, dismissed plaintiffs' complaint in its entirety. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the motion of defendants-third-party plaintiffs Uniland Development Corporation and Uniland Construction Corporation (defendants) with respect to the Labor Law § 241 (6) claim insofar as that claim is predicated on alleged violations of 12 NYCRR 23-1.13 (b) (4) and 23-3.2 (a) (2) and (3) and reinstating the Labor Law § 241 (6) claim against them to that extent, reinstating the third-party complaint, and vacating those parts of the order that denied as moot defendants' motion with respect to discovery and the note of issue and third-party defendant's motion, and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Terence Winters (plaintiff), an electrician employed by third-party defendant, was assigned to work on a demolition project in a certain building. Defendants-third-party plaintiffs Uniland Development Corporation and Uniland Construction Corporation (defendants) were the owners of the building and the general contractor. Plaintiff's job was to make the wiring in the office safe. When he arrived, there were plastic, sheathed wires lying on the floor and hanging from the ceiling. Plaintiff had to determine the voltage of the wires on the [*2]floor but, before he could do that, he had to strip away two or three inches of the plastic sheathing. After he accomplished that task, plaintiff separated the black, white, and copper wires inside using pliers. In order to use his multimeter to test the voltage, plaintiff had to strip one quarter inch of insulation from the black wire. Using a pair of wire strippers, he cut into the black wire and suffered an electric shock. Plaintiffs then commenced this Labor Law and common-law negligence action seeking damages for the injuries that plaintiff sustained as a result of that electric shock, and defendants filed a third-party complaint seeking, inter alia, contractual and common-law indemnification from third-party defendant.
Thereafter, defendants made two motions. They moved for, inter alia, summary judgment dismissing the complaint against them in the first motion. They sought discovery from plaintiffs and vacatur of the note of issue in the main action in the second motion. In addition, third-party defendant moved for, inter alia, summary judgment dismissing the third-party complaint. Supreme Court granted defendants' first motion insofar as it sought summary judgment dismissing the complaint against them. Because it had dismissed the complaint against defendants in the main action, the court also dismissed the third-party complaint and denied the remaining motions as moot. Plaintiffs appeal.
We agree with plaintiffs that the court erroneously granted defendants' motion with respect to the Labor Law § 241 (6) claim against them insofar as that claim is predicated upon alleged violations of 12 NYCRR 23-1.13 (b) (4) and 23-3.2 (a) (2) and (3), and we therefore modify the order accordingly. The first of those provisions of the Industrial Code states that "[n]o employer shall suffer or permit an employee to work in such proximity to any part of an electric power circuit that he may contact such circuit in the course of his work unless the employee is protected against electric shock by de-energizing the circuit and grounding it or by guarding such circuit by effective insulation or other means" (12 NYCRR 23-1.13 [b] [4]; see O'Leary v S & A Elec. Contr. Corp., 149 AD3d 500, 502 [1st Dept 2017]). The latter provisions state, inter alia, that electric lines must be "shut off and capped or otherwise sealed" before any demolition project begins (12 NYCRR 23-3.2 [a] [2]; see Pino v Robert Martin Co., 22 AD3d 549, 552 [2d Dept 2005]) and, if it is necessary to maintain an electric line during demolition, "such lines shall be so protected with substantial coverings or shall be so relocated as to protect them from damage and to afford protection to any person" (12 NYCRR 23-3.2 [a] [3]). Defendants failed to meet their initial burden of establishing that they "did not violate the regulations, that the regulations are not applicable to the facts of this case, or that such violation was not a proximate cause of the accident" (Piazza v Frank L. Ciminelli Constr. Co., Inc., 2 AD3d 1345, 1349 [4th Dept 2003]; see Caudill v Rochester Inst. of Tech., 125 AD3d 1392, 1394 [4th Dept 2015]). We conclude that there are issues of fact whether, inter alia, defendants' failure in their nondelegable duty to shut off the electricity was a proximate cause of the accident (see generally Morris v Pavarini Constr., 9 NY3d 47, 50 [2007]).
In light of our determination, we further modify the order by reinstating the third-party complaint (see Easton Telecom Servs., LLC v Global Crossing Bandwidth, Inc., 62 AD3d 1235, 1237 [4th Dept 2009]; Pelow v Tri-Main Dev., 303 AD2d 940, 941-942 [4th Dept 2003]), and by vacating those parts of the order that denied as moot defendants' discovery motion and third-party defendant's motion, and we remit the matter to Supreme Court for a determination on the merits of those motions and plaintiffs' cross motion for a protective order (see Weiss v Zellar Homes, Ltd., 169 AD3d 1491, 1495 [4th Dept 2019]). We have reviewed plaintiffs' remaining contentions and conclude that none warrants reversal or further modification of the order.
Entered: July 5, 2019
Mark W. Bennett
Clerk of the Court