Salyes v Urban Am. Mgt. Corp.
2026 NY Slip Op 03898
June 18, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Gordon Salyes, Plaintiff-Respondent,
v
Urban American Management Corp. et al., Defendants-Appellants-Respondents, Schindler Elevator Corporation, Defendant-Respondent-Appellant, Centennial Elevator Industries Inc. et al., Defendants.

Decided and Entered: June 18, 2026
Index No. 155149/20|Appeal No. 6908|Case No. 2025-05869|
Before: Manzanet-Daniels, J.P., Mendez, Shulman, Higgitt, Hagler, JJ.

Horn Appellate Group, Brooklyn (Nicholas S. Bruno of counsel), for appellants-respondents.
Keller, O'Reilly & Watson, PC, Woodbury (Patrick J. Engle of counsel), for respondent-appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (Leslie A. Stroth, J.), entered July 7, 2025, which, to the extent appealed from as limited by the briefs, denied the motion of defendants Urban American Management Corp., Putnam Holding Company, LLC, BSREP UA 3333 Broadway LLC (BSREP), Riverside Park Community (Stage I), Inc., Riverside Park Community II, LLC, Riverside Park Community, LLC, and UAB Property Management, LLC (UAB; together with BSREP, the Owners) for summary judgment on the Owners' contractual indemnification cross-claim against defendant Schindler Elevator Corporation, and granted plaintiffs' motion for summary judgment on the issue of liability as against the Owners and Schindler, unanimously modified, on the law, to grant the Owners conditional summary judgment on their contractual indemnification cross-claim against Schindler, and otherwise affirmed, without costs.
This personal injury action stems from an accident that occurred when an elevator, in which plaintiff was a passenger, abruptly dropped four floors. The building in which the accident occurred was owned by BSREP and managed by UAB. A prior joint owner of the building entered into a service contract with Schindler to maintain the building's elevators. The parties do not dispute that the Owners inherited the service contract with Schindler from the prior owner.
Plaintiff was properly granted summary judgment on the issue of liability as against both the Owners and Schindler. In opposition to plaintiff's motion the Owners and Schindler argued that plaintiff's claimed injuries were not caused by the accident. However, "[d]efendants' argument that all or some of the injuries ple[aded] were not caused by the subject accident is not an issue of liability, but rather an issue of damages, which remains unresolved" (Sangare v 985 Bruckner Blvd. Hous. Dev. Fund Corp., 212 AD3d 547, 547 [1st Dept 2023]; see O'Leary v S&A Elec. Contr. Corp., 149 AD3d 500, 502 [1st Dept 2017]; see also PanWest NCA2 Holdings LLC v Rockland NCA2 Holdings, LLC, 239 AD3d 505, 507 [1st Dept 2025]).
[*2]
The fact that the Owners "may share some responsibility for plaintiff['s] injuries does not absolve [Schindler] from liability, as there may be more than one proximate cause of an injury" (Martinez v ITF LLC, 216 AD3d 429, 430 [1st Dept 2023]). Moreover, even if plaintiff's accident occurred because the Owners failed to heed Schindler's warnings about the elevator's obsolescence, for which the service contract explicitly provided that Schindler was not responsible, the service contract nevertheless provided "that under no circumstances will any elevator be left in [an] unsafe condition." Thus, Schindler could not simply leave dangerous conditions of which it had notice completely un-remediated. Finally, even if the opinions of plaintiff's elevator expert were excluded, "[t]he law is well established that elevator malfunctions do not occur in the absence of negligence . . . " (Merrick v Macerich Co., 223 AD3d 530, 532 [1st Dept 2024]).
In view of the foregoing, the Owners should have been granted conditional summary judgment on their contractual indemnification cross-claim against Schindler (see Locke v URS Architecture & Eng'g-N.Y., P.C., 202 AD3d 505, 506 [1st Dept 2022]). The indemnification provision in the parties' service contract contains a broad performance-of-the-work clause, which was triggered solely by virtue of plaintiff's accident involving an elevator which Schindler was contractually obligated to service, repair, and maintain (see Estevez v SLG 100 Park LLC, 215 AD3d 566, 570 [1st Dept 2023]). We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2026